VICTORY, J.,
dissenting.
U dissent from the majority opinion holding that the State is not the plaintiffs employer for purposes of the Louisiana Employment Discrimination Law (“LEDL”), La. R.S. 23:301, et seq. La. R.S. 23:303 gives a plaintiff who has a cause of action under the LEDL the right to sue his or her “employer” for damages. In this case, the plaintiff alleged gender and pregnancy discrimination against Judge Medley (in whose section of court she was assigned), the Judicial Expense Fund of the Civil District Court of Orleans Parish (“JEF”) (the fund that issued her paycheck), and the State through the CDC for Orleans Parish, as well as numerous individual and groups of judges. At the time this motion for summary judgment was filed, the State was the only remaining defendant.
La. R.S. 23:302(2) defines “employer,” in pertinent part, as “a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee.” The majority opinion concludes that the State is not the plaintiffs employer because the source of the funds used to pay her wages, the JEF, are not state funds. I disagree with this analysis.
The plaintiff in this case was hired by judges of the CDC, and those judges are part of the state judiciary. The state pays the salaries of all state judges. The plaintiff | .¿provided services to the judges, i.e., *834 the state. In return, the plaintiff was paid compensation by these state judges through the JEF. Pursuant to La. R.S. 13:1312(A), the judges, en banc, of the CDC and the First and Second City Courts of the City of New Orleans “shall have control over the fund and all disbursement made therefrom.” La. R.S. 13:1312(C) gives the judges the power to “appoint such secretarial, clerical, research, administrative, or other personnel as they deem necessary to expedite the business and function of the court and fix and pay all or any part of the salaries of such personnel out of the monies in the judicial expense fund.” There is no doubt that the funds in the JEF are self-generated funds that are not required to be deposited in the state treasury. However, that does not mean that they are not state funds, for the judges of the CDC are members of the state judiciary and they have control over these funds. Further, the majority’s holding suggests that this plaintiff can never sue anyone under the LEDL for gender discrimination because she has no employer at all under the LEDL. The majority opinion says that although she is paid through the JEF, she does not provide services to the JEF as required by La. R.S. 23:302(2). Finally, the plaintiff has sued “the State of Louisiana through the CDC for the Parish of Orleans.” Surely, the CDC is her employer as the CDC is “receiving services from [the plaintiff] and, in return giving compensation” to her through the JEF. The CDC cannot logically be “the State” for the purposes of receiving services, but not “the State” for the purpose of giving compensation. Because this opinion results in the unfair and illogical holding that the plaintiff has no employer at all for purposes of the LEDL, I respectfully dissent.